United States District Court
Southern District of Texas
**ENTERED**
March 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA MARIA HERNANDEZ GARCIA, | § § § | |
| Petitioner, | § | CIVIL ACTION NO. 4:26-cv-01373 |
| | § | |
| v. | § § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § § § | |
| Respondents. | | |

## ORDER TO ANSWER

The petitioner, Jessica Maria Hernandez Garcia, is currently detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center.  Representing herself, the petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued confinement (Dkt. No. 1), as well as a motion for a temporary restraining order (Dkt. No. 2).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief.  Having conducted the required examination, and pursuant to 28 U.S.C. § 2241, *et seq.*, the court **ORDERS** as follows:

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1.    The Clerk must deliver copies of the petition (Dkt. No. 1), the motion for a temporary restraining order (Dkt. No. 2), and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.    The proper respondent must file an answer or other appropriate responsive pleading within **fourteen (14) days** of the date of service.  The respondent will forward a copy to the petitioner.  The respondent is advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be titled as such.

3.    In addition to any defense (in law or fact) to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

4.    The petitioner will file a response within thirty (30) days to any answer or dispositive motion filed by the respondent.  Under this court's Local Rule 7.4, any failure to respond to a motion filed by the respondent "will be taken as a representation of no opposition." Failure of the petitioner to respond to the respondent's motion or answer within the time allowed may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

5.    Because the petitioner is detained and without access to the court's electronic filing system (ECF), service shall be by mail to the other party.    Every pleading or document filed with the Clerk of Court must contain a signed certificate stating the date a true and correct copy of the

pleading or document was mailed and to whom mailed.  Any pleading or other document that fails to include the certificate of service may be stricken from the record and not considered by the court.

6.      There will be no direct communications with the U.S. District Judge or Magistrate Judge.  Communications must be submitted to the Clerk with copies to the other party.

7.      The petitioner must notify the court of any change of address by filing a written notice of change of address with the Clerk.  The petitioner must also notify counsel for the respondent.  Failure to provide such notice may result in this case being dismissed for want of prosecution.

8.      The respondents must notify the court of any anticipated or planned transfer of the petitioner outside of the Houston Division of the Southern District of Texas **at least five (5) days** before any such transfer.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on March 4, 2026, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge